# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KENT ALLEN JOHNSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. CIV 15-336-RAW-KEW** |
| ) | |
| **CARL BEAR, Warden,** ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus

filed pursuant to 28 U.S.C. § 2254. Petitioner is a pro se prisoner in the custody of the

Oklahoma Department of Corrections who currently is incarcerated at Joseph Harp

Correctional Center in Lexington, Oklahoma. He is attacking his conviction in Cherokee

County District Court Case No. CF-2010-421 for First Degree Manslaughter, setting forth

the following grounds for relief:

> I.    Petitioner was denied notice and reasonable opportunity to defend
>       against the charge of which he was convicted.
>
> II.   Prosecutorial misconduct.
>
> III.  Petitioner's guilt was not proven beyond a reasonable doubt.
>
> IV.   Ineffective assistance of appellate counsel.

Respondent concedes that Petitioner has exhausted his state court remedies for the

purpose of federal habeas corpus review. The following records have been submitted to the

Court for consideration in this matter:

A. Petitioner's direct appeal brief.

B. The State's brief in Petitioner's direct appeal.

C. Summary Opinion affirming Petitioner's Judgment and Sentence. *Johnson v. State*, No. F-2012-78 (Okla. Crim. App. Oct 1, 2013).

D. Petitioner's application for post-conviction relief.

E. The State's response to Petitioner's post-conviction application.

F. Order Denying Post-Conviction Relief.

G. Petitioner's appeal from denial of post-conviction application.

H. Order Affirming Denial of Application for Post-Conviction Relief. *Johnson v. State*, No. PC-2015-264 (Okla. Crim. App. June 12, 2015).

I. State court record.

**Ground I: Lack of Notice and Meaningful Opportunity to Present Defense**

Petitioner alleges in Ground I that because of lack of notice and meaningful opportunity to present a defense, he did not receive a fair trial by an impartial tribunal. He specifically complains the prosecution presented evidence to obtain a conviction for First Degree Murder and, early in the proceedings, twice objected to defense counsel's references to lesser-included offenses. Petitioner contends the charge under the misdemeanor-manslaughter rule[1] was not presented until instructions were provided to the jury for Reckless

---

[1] Misdemeanor manslaughter is codified at Okla. Stat. tit. 21, § 711(1). "A homicide is misdemeanor manslaughter when it is perpetrated without a design to effect death by a person engaged in the commission of a misdemeanor." *State v. Ceasar*, 237 P.3d 792, 794 (Okla. Crim. App. 2010) (citing *Bell v. State*, 172 P.3d 622, 623-624 (Okla. Crim. App. 2007)).

Conduct with a Firearm, the underlying misdemeanor for his First Degree Manslaughter conviction.

Petitioner further complains that over defense counsel's objection, the prosecutor saved his second closing argument concerning the charge of Reckless Conduct with a Firearm until the defense concluded its closing argument. The State then allegedly rehashed all the evidence and argued lesser-included offenses for the first time, and defense counsel's objection to these arguments was overruled. Petitioner argues these proceedings completely undermined any opportunity for him to defend against the lesser-included offense of Manslaughter.

Respondent alleges Ground I of the petition is procedurally barred from federal habeas review. Petitioner first raised this claim in his application for post-conviction relief. The state district court denied relief, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed in *Johnson v. State*, No. PC-2015-264 (Okla. Crim. App. June 12, 2015) (Dkt. 12-8). The OCCA found the claim was procedurally barred, because it could have been raised on direct appeal, but was not, and thus it was waived. *Id.*, slip op. at 2. The OCCA further agreed with the state district court's determination that "[a]s for the alleged error of lack of notice and opportunity to be heard, . . . Johnson was provided proper discovery notice and exchange and was given notice of the jury instructions." *Id.* at 3. Further, Petitioner's argument "was not supported by the record." *Id.*

Federal habeas corpus petitioners may not obtain review of claims "that have been

defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991)). The Tenth Circuit has upheld Okla. Stat. tit. 22, § 1086 of the Post-Conviction Procedure Act as an independent and adequate state ground for denying habeas relief. *Smith v. Workman*, 550 F.3d 1258, 1267 (10th Cir. 2008).

Petitioner alleges his "cause" for failure to raise this claim on direct appeal was the ineffectiveness of his appellate counsel, a claim which is raised in Ground IV of this petition. "Attorney error amounting to constitutionally ineffective assistance of counsel constitutes 'cause' for a procedural default." *Hickman v. Spears*, 160 F.3d 1269, 1272 (10th Cir. 1998) citing *Coleman*, 501 U.S. at 754).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-part test for determining the validity of a habeas petitioner's claim of ineffective assistance of counsel. The test requires a showing that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Id*. at 687. The *Strickland* test also applies to appellate counsel. *Evitt v. Lucey*, 469 U.S. 387, 393-400 (1985); *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995).

> When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, we first examine the merits of the omitted issue. If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. *See Parker v. Champion*, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing *Cook*, 45 F.3d at 392-93), *cert. denied*, 525 U.S. 1151 (1999)). If the

issue has merit, we then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. *See Cook*, 45 F.3d at 394.

*Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999). Therefore, the Court must address the merits of Petitioner's claim of ineffective assistance of appellate counsel with respect to Ground I.

Petitioner claims he was forced to defend against a charge of which he was unaware and for which he was unprepared. Respondent contends these allegations are not supported by the record, and defense counsel requested a manslaughter instruction throughout the trial.

On December 3, 2010, Petitioner's trial counsel filed a motion to preclude an *ex parte* communication between the trial court and the victim's family members. (Dkt. 12-10 at 1-2; O.R. 11-12). According to the motion, "the most he should be charged with is misdemeanor manslaughter." *Id.* at 1. Defense counsel also filed the "Defendant's Initial Requested Jury Instructions, requesting an instruction for First Degree Manslaughter by Misdemeanor-Manslaughter, with the underlying crime of Reckless Conduct with a Firearm. (Dkt. 10 at 4-5; O.R. 361, 371).

At the conclusion of trial, defense counsel and the prosecutor met off the record with the trial judge to determine the instructions. When the parties came back on the record, defense counsel did not object to the instructions that were to be read to the jury. (Dkt. 12-9 at 16-17; O.R. 1238-39). Respondent asserts defense counsel's failure to object indicates his knowledge of the misdemeanor-manslaughter charge. Petitioner is alleging in this habeas action that his appellate counsel was ineffective in failing to raise this issue on direct appeal.

The Sixth Amendment does not require an attorney to raise every nonfrivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). Consequently, appellate counsel engage in a process of "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1985) (quoting *Jones*, 463 U.S. at 751-52). The weeding out of weak claims to be raised on appeal "is the hallmark of effective advocacy," *Tapia v. Tansy*, 926 F.2d 1554, 1564 (10th Cir. 1991), *cert. denied*, 502 U.S. 835 (1991), because "every weak issue in an appellate brief or argument detracts from the attention a judge can devote to the stronger issues, and reduces appellate counsel's credibility before the court." *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989).

*United States v. Cook*, 45 F.3d 388, 394-95 (10th Cir. 1995).

After careful review, the Court finds Petitioner's claim that he was caught unawares and was unable to defend against a lesser-included offense instruction requested by his own counsel is meritless. Further, "appellate counsel is hardly ineffective for failure to pursue meritless claims." *Cannon v. Mullin*, 383 F.3d 1152, 1177 (10th Cir. 2004). Petitioner thus has failed to establish cause for his procedural default in state court. Having failed to demonstrate cause, the issue of prejudice need not be addressed. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993).

The Court further finds Petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). "[A]ctual innocence' means factual

6

innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (citation omitted). Petitioner has presented no "new reliable evidence . . . that was not presented at trial" supporting a claim that he is actually innocent of the crime of which he was convicted. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). Therefore, Ground I of the petition fails.

**Ground II: Prosecutorial Misconduct**

Petitioner alleges in Ground II that prosecutorial misconduct denied him a fair trial. Although he raised issues of prosecutorial misconduct in both his direct appeal and his application for post-conviction relief, the petition only addresses the claims raised in his post-conviction proceedings:

> Trial transcripts (1291-1313) (1303, 1311, 1312). Prosecutions [sic] defense closed and trial judge overruling defense objection to new evidence which is outside the scope and did not allow the defendant another chance to talk to the jury to defend against the misdemeanor manslaughter he was ultimately convicted of. . . . This claim was raised in an application for post-conviction relief in Comanche [sic] County District Court Case No. CF-2010-421 . . . .

(Dkt. 1 at 3).

The state district court denied Petitioner's post-conviction claim of prosecutorial misconduct, as raising "issues which were either reviewed on direct appeal or available to be raised on direct appeal and therefore considered *res judicata* or waived by the defendant." *Johnson*, No. CF-2010-421, slip op. at 3 (Cherokee County Dist. Ct. Feb. 25, 2015) (Dkt. 12-6). The OCCA affirmed in Case No. PC-2015-264 (Dkt. 12-8).

The record shows Petitioner's claims of prosecutorial misconduct were different on

direct appeal from those raised in his post-conviction application. In the similar case of

*Stouffer v. Workman*, the United States District Court for the Western District of Oklahoma

found the OCCA had improperly barred the petitioner's claim:

> The OCCA's incorrect application of *res judicata* requires this Court to determine whether the claim can be reviewed on habeas. In *Cone v. Bell*, 556 U.S. 449 (2009), the Supreme Court addressed a similar situation in which a state court improperly denied a claim as having been previously adjudicated. Cone raised a claim in the first instance on post-conviction review. However, the Tennessee court concluded it had been previously determined and denied relief. *Id*. at 464-65. On writ of certiorari, the Supreme Court noted that the state court incorrectly barred the claim as having been previously adjudicated. Importantly, even though the claim may have been procedurally defaulted under Tennessee law as waived, the Supreme Court concluded it had no "duty to apply state procedural bars where state courts have themselves declined to do so." *Id*. at 468-69. Further, because Tennessee failed to reach the merits of Cone's claim, federal habeas review was not subject to [The Anti-Terrorism and Effective Death Penalty Act's] deferential standard in 28 U.S.C. § 2254(d). *Id*. at 472.
>
> Similarly, in [Stouffer's] case, the OCCA applied an improper bar to Petitioner's claim that Juror Vetter improperly communicated with her husband on two occasions. Additionally, the state court did not reach the merits of Petitioner's claim. Accordingly, this Court concludes Petitioner's claim is properly before the Court on habeas review and applies a *de novo* review.

*Stouffer*, No. CIV-07-1312-C, 2011 WL 4916554, at *9 (W.D. Okla. Oct. 17, 2011), *aff'd*

*in part*, *rev'd in part sub nom. Stouffer v. Trammell*, 738 F.3d 1205 (10th Cir. 2013)

(footnote omitted) (unpublished).

In Petitioner's case now before this Court, the OCCA applied an improper bar to his

post-conviction claim of prosecutorial misconduct, and the state court did not reach the

merits of Petitioner's claim. Therefore, this Court concludes Petitioner's claim is properly

before the Court on habeas review and applies a *de novo* review.  *See Stouffer*, No. CIV-07-1312-C, 2011 WL 4916554, at *9.  *Cf. Malicoat v. Mullin*, 426 F.3d 1241, 1248 (10th Cir. 2005) (holding that where the OCCA applied a standard that did not comport with *Strickland*, the district court refused to grant its decision deference and instead reviewed the petitioner's claim of ineffective assistance of appellate counsel *de novo* under the *Strickland* standard).

> In a habeas corpus action, claims of prosecutorial misconduct are reviewed only for a violation of due process.  *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986).  "[N]ot every trial error or infirmity which might call for application of supervisory powers correspondingly constitutes a failure to observe that fundamental fairness essential to the very concept of justice." *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974) (citations and quotations omitted).  In order to be entitled to relief, [a petitioner] must establish that the prosecutor's conduct or remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Id.*  at 643.  This determination may be made only after considering all of the surrounding circumstances, including the strength of the State's case.  *See Darden*, 477 U.S. at 181-82.

*Malicoat*, 426 F.3d at 1255.

In this habeas action, Petitioner is complaining that the prosecution's second closing argument was outside the scope of Petitioner's only closing argument at trial.  He, however, has cited no federal law or Supreme Court authority in support of this proposition. Respondent alleges this ground for relief does not constitute a claim upon which relief can be granted.  The Anti-Terrorism and Effective Death Penalty Act (AEDPA) "requires federal habeas courts to deny relief that is contingent upon a rule of law not clearly established at the time the state conviction became final." *Williams v. Taylor*, 529 U.S. 362, 380 (2000)

(footnote omitted).

The order of trial proceedings in Oklahoma are governed by Okla. Stat. tit. 22, Ch. 12. The statute concerning closing arguments instructs that "the counsel for the state shall commence, and the defendant or his counsel shall follow, then the counsel for the state shall conclude the argument to the jury." Okla. Stat. tit. 22, § 831(6). This statute does not limit the prosecution's second closing argument to rebuttal of Petitioner's only closing argument, and Petitioner has not presented any authority for his argument of such limitation.

Moreover, even if Petitioner were correct in his argument, trial proceedings are a matter of state law that are not cognizable in federal habeas review. *See Ochoa v. Workman*, 669 F.3d 1130, 1144 (10th Cir. 2012) ("Federal habeas review is not available to correct state law . . . errors; rather it is limited to violations of constitutional rights." (quoting *Smallwood v. Gibson*, 191 F.3d 1257, 1275 (10th Cir. 1999)). The record shows defense counsel twice objected on this ground during the prosecution's second closing argument, and the trial court properly overruled the objections. (Tr. 1303, 1311-12).

Petitioner also complains of several other alleged incidents of prosecutorial misconduct. He claims the prosecutor made an improper appeal to the passion of the jury when he stated, "The defense says that there is [sic] holes all in this case. The hole that you need to be concerned about is the one through [the victim's] heart . . . ." (Tr. 1296). The Court finds this comment was a proper rebuttal of defense counsel's argument and a proper comment on the evidence.

In addition, Petitioner contends the prosecutor declared the law and gave his personal opinion when reviewing the instructions in his second closing argument. The prosecutor stated:

> The other manslaughter in the first degree, ladies and gentlemen, probably the simplest of the three as this evidence is presented. Misdemeanor. Reckless handling of a firearm. Reckless handling of a firearm. Was cocking the hammer, quoting Clint Eastwood and pointing the gun at your guest in your home. Reckless handling of a firearm, a loaded firearm. Is it, ladies and gentlemen?

(Tr. 1308). This Court finds the statement was a proper comment on the evidence that a lesser-included offense is easier to prove than the greater offense. There was no constitutional error.

Finally, Petitioner claims the prosecutor misstated the facts when he said, "[Petitioner] told Tommy Moore and he told Bob Sanders I was quick drawing my pistol and pointing it at [the victim]." (Tr. 1309). The Court finds this was an instance of the prosecution's comment on the evidence presented at trial, because Petitioner actually did tell Mr. Moore and Mr. Sanders that he was quick-drawing his pistol and accidentally shot the victim. (Tr. 252, 381).

After careful review, the Court finds none of the complained-of comments amounted to prosecutorial misconduct, because the comments were either permitted argument or proper comments on the evidence presented at trial. After consideration all of the surrounding circumstances, including the strength of the State's case, *see Darden*, 477 U.S. at 181-82, the Court finds that none of the comments "so infected the trial with unfairness as to make the

resulting conviction a denial of due process," *Donnelly*, 416 U.S. at 643. Therefore, Petitioner is not entitled to habeas relief for his claims in Ground II.

**Ground III: Sufficiency of the Evidence**

Petitioner next challenges the sufficiency of the evidence. He specifically claims:

> Petitioner thought the gun was unloaded. Evidence put on by the states witness Terrence Higgs substantiated this claim the statute for reckless conduct with a firearm. Petitioner could have explained this had he been afforded the opportunity to defend against the misdemeanor manslaughter charge.

(Dkt. 1 at 3) (errors in original).

Petitioner first raised this claim in his application for post-conviction relief. (Dkt. 12-4). Citing the Post-Conviction Procedure Act, Okla. Stat. tit. 22, § 1080, the trial court denied relief, holding the claim could have been raised on direct appeal, but was not, and was therefore waived. (Dkt. 12-6 at 3). The OCCA, also relying on the Post-Conviction Procedure Act, affirmed the trial court's determination that the claim was waived. *Johnson*, No. PC-264, slip op. at 2-3. (Dkt. 12-8). Respondent alleges this ground for relief is procedurally barred from federal habeas review.

As discussed above in Ground I, Petitioner's claim was properly barred by an independent and adequate state procedural law. Therefore, the claim is procedurally barred from federal habeas review. *See Coleman*, 501 U.S. at 750. As in Ground I, Petitioner attempts to establish cause to excuse the procedural default by alleging his appellate counsel was ineffective in failing to raise the claim on direct appeal, as set out in Ground IV of this petition. Again, "because Petitioner asserted ineffective assistance of appellate counsel in

failing to raise his substantive . . . claim as cause for his procedural default, we examine the merits of the claim." *Smith*, 550 F.3d at 1267.

Petitioner alleges his appellate counsel was ineffective in failing to raise a claim that the evidence was insufficient to support his conviction. He specifically claims he cannot be guilty of the underlying offense of Reckless Conduct with a Firearm.

The law in Oklahoma states the firearm must be loaded to support a conviction for Reckless Conduct with a Firearm. *See Witty v. State*, 710 P.2d 121, 123 (Okla. Crim. App. 1985) ("Therefore, we hold that it was the intent of the Legislature that a person must possess a loaded weapon in order to be guilty of Reckless Conduct with a Firearm."). Petitioner asserts he thought the gun was unloaded when he pointed it at the victim. There was, however, a bullet stuck in the cylinder. A demonstration at trial showed two bullets stuck in the cylinder when it was unloaded. (Tr. 832-33). Nonetheless, the ammunition is visible to the handler of a revolver through the cylinder. *See Jones v. Oklahoma*, 567 F. Supp. 2d 1309, 1315 (W.D. Okla. 2008) (relying on a testimony of a firearms expert who testified that the bullets can be seen in the cylinder of a loaded revolver).

In Oklahoma, "[w]hen a person is handling a deadly weapon, the law requires that person to use a higher degree of care than if using an instrument ordinarily harmless." *Reynolds v. State*, 617 P.2d 1357, 1360 (Okla. Crim. App. 1979) (citation omitted). Because the firearm used in Petitioner's crime was his own revolver, Respondent maintains Petitioner knew its characteristics, how to load and unload it, and how to check for a stuck bullet.

"Sufficiency of the evidence can be considered to be a mixed question of law and fact." *Case v. Mondagon*, 887 F. 2d 1388, 1392 (10th Cir. 1989), *cert. denied*, 494 U.S. 1035 (1990). In federal habeas review of a state court conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

The Supreme Court repeatedly has emphasized the deference the reviewing court owes to the trier of fact and "the sharply limited nature of constitutional sufficiency review." *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson*, 443 U.S. at 319). "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. The Court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993) (citing *United States v. Edmondson*, 962 F.2d 1535, 1548 (10th Cir. 1992)). "To be sufficient, the evidence supporting the conviction must be substantial; that is, it must do more than raise a mere suspicion of guilt." *Beachum v. Tansy*, 903 F.2d 1321, 1332 (10th Cir.), *cert. denied*, 498 U.S. 904 (1990) (citing *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987)).

To determine whether there was sufficient evidence presented at trial to sustain

Petitioner's conviction, the Court first must look to Oklahoma law for the elements required for the crime. *Jackson*, 443 U.S. at 324 n.16; *see also Torres v. Mullin*, 317 F.3d 1145, 1152 (10th Cir.), *cert. denied*, 540 U.S. 1035 (2003).

> [Okla. Stat. tit. 21, § 711(1)] provides that homicide is manslaughter in the first degree when perpetrated without a design to effect death by a person while engaged in the commission of a misdemeanor. The misdemeanor offense of reckless conduct with a firearm is defined as "an act which creates a situation of unreasonable risk and probability of death or great bodily harm to another and which demonstrates a conscious disregard for the safety of another." Okla. Stat. tit. 21, § 1289.11. *See also Jennings v. State*, 643 P.2d 643, 645, (Okla. Crim. App. 1982); OUJI-CR (2d) 6-44.

*Cipriano v. State*, 32 P.3d 869, 875 (Okla. Crim. App. 2001).

The evidence presented at trial showed that Petitioner told the victim by telephone that the victim "needed to hurry up and get to [Petitioner's] place with his money and his methamphetamine." (Tr. 856). Petitioner was pacing and "quite" agitated during the call. (Tr. 856-57). When the victim arrived, Petitioner told him he was tired of the victim's procrastination about getting Petitioner's money to him and that Petitioner "should go ahead and kill him and take him out." (Tr. 866-67). The conversation ended when Petitioner pointed his revolver directly at the victim and fired. (Tr. 871-75).

After review of the record, the Court finds this evidence met the elements of the crime of which Petitioner was convicted. With the substantive claim of insufficient evidence being meritless, Petitioner cannot establish cause for his procedural default in the state courts. Because Petitioner has failed to show cause, the Court need not address the issue of prejudice, as both are required to satisfy the first exception to application of the procedural

bar. *See Steele*, 11 F.3d at 1522 n.7.

As discussed above, Petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice, meaning Petitioner must show his actual innocence of the crime. The Tenth Circuit has explained this "very narrow exception" as follows:

> [T]he petitioner must supplement his habeas claim with a colorable showing of factual innocence. Such a showing does not in itself entitle the petitioner to relief but instead serves as a "gateway" that then entitles the petitioner to consideration of the merits of his claims. In this context, factual innocence means that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."

*Demarest v. Price*, 130 F.3d 922, 941-42 (10th Cir. 1997) (internal citations omitted). Petitioner has not made this showing.

After careful review, the Court finds Petitioner's claim is procedurally barred from federal habeas corpus review, and he has failed to make a colorable showing of cause, prejudice, or a fundamental miscarriage of justice. Therefore, Ground III of the petition is meritless.

**Ground IV: Ineffective Assistance of Appellate Counsel**

In Ground IV, Petitioner alleges his appellate counsel was ineffective in failing to raise on direct appeal the claims presented in Grounds I, II, and III of this petition. Petitioner raised this claim in his application for post-conviction relief which was denied by the state district court. The OCCA affirmed in Case No. PC-2015-264, slip op. at 3-5 (Okla. Crim. App. June 11, 2015) (Dkt. 12-8).

16

Failure to present a meritless argument on appeal does not constitute ineffective assistance of counsel. *Martin v. Kaiser*, 907 F.2d 931, 936 (10th Cir. 1990) (citing *Strickland*, 466 U.S. at 691-96. *See also Cannon*, 383 F.3d at 1177.

Under AEDPA, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The OCCA's Order Affirming Denial of Application for Post-Conviction Relief found "Johnson's claims either were raised on direct appeal and are barred, or could have been raised, but were not, and are waived." *Johnson*, No. PC-2015-264, slip op. at 3.

> As for his claim that he was denied effective assistance of appellate counsel, we find no merit in that claim as alleged in his post-conviction application. Johnson sub-divided his ineffective assistance of appellate counsel claim, citing to what he alleges were multiple trial counsel errors, and claiming appellate counsel erred for failing to raise the errors on direct appeal. [Trial] Judge Shook, addressing the claims individually, noted that Johnson was not entitled to relief either because the record showed that the alleged error was raised and rejected on direct appeal; that the alleged error did not occur, or that Johnson failed to provide sufficient factual basis to support the alleged error.

> As set forth in *Logan v. State*, 293 P.3d 969 (Okla. Crim. App. 2013), post-conviction claims of ineffective assistance of appellate counsel are reviewed under the standard for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Smith v. Robbins*, 528 U.S. 259, 289

(2000) ("[Petitioner] must satisfy both prongs of the *Strickland* test in order to prevail on her claim of ineffective assistance of appellate counsel."). As noted by Judge Shook, under *Strickland*, a petitioner must show both (1) deficient performance, by demonstrating that counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-89. And we recognize that "[a] court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689).

After examining Johnson's claims of ineffective assistance of counsel, based on appellate counsel's failure to raise these claims, and pursuant to this Court's decision in the *Logan* and *Strickland* standards stated above, we find Johnson has failed to establish that appellate counsel's performance was deficient or objectively unreasonable and has failed to establish any resulting prejudice. Johnson must show a reasonable probability that appellate counsel would have prevailed on direct appeal had he argued trial counsel was deficient and that these enumerated errors resulted in prejudice. *Strickland*, 466 U.S. at 687. His claims as presented in this application for post-conviction relief are not supported by the appeal record filed in this matter. This Court has held that "merely conclusory, unprovable, or unspecific claims of ineffective assistance of appellate counsel do not raise an issue of material fact." *Logan*, 293 P.3d at 978-79. Johnson's ineffective assistance of appellate counsel claim is without merit.

*Johnson*, No. PC-2015-264, slip op. at 3-5.

The Supreme Court has expanded the application of *Strickland* in habeas corpus proceedings:

The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an

*unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Richter*, 562 U.S. at 101 (emphasis in original).

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Richter*, 562 U.S. at 105 (internal citations and quotation marks omitted). *See also Burt v. Titlow*, 571 U.S. 12, 15 (2013) ("When evaluating the state court's resolution of *Strickland's* performance requirement, federal courts must "use a 'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." (quoting *Cullen v. Pinholster*, 563 U.S. 170, 189-90 (2011)).

Petitioner argues six sub-propositions in his claim of ineffective assistance of appellate counsel. The merits of the first three have been discussed above in Grounds I, II, and III, and this Court found the claims are meritless. Therefore, the OCCA's denial of these three claims was reasonable.

The fourth sub-proposition is that the trial court abused its discretion in not sustaining defense counsel's objection that the prosecution was arguing outside the scope of Petitioner's

only closing argument. As discussed above in Ground II, there is no state or federal rule which limits a prosecutor's second closing argument to rebuttal of defense counsel's only closing argument. Thus, Petitioner's claim that appellate counsel was ineffective in failing to raise a claim that the trial court abused its discretion for overruling defense counsel's objection fails.

Petitioner's fifth sub-proposition is that his appellate counsel failed to raise a claim that the trial court should have instructed the jury on excusable homicide. Excusable homicide, however, is only available as a defense when the homicide occurs while committing a lawful act. *See* Okla. Stat. tit. 21, § 731. The evidence presented at trial showed the victim was shot by Petitioner while Petitioner pointed a loaded firearm directly at him. (Tr. 871-75). The victim was unarmed and seated on a couch when he was shot, and there is no lawful way Petitioner could have pointed and fired a firearm at an unarmed man sitting down. Therefore, Petitioner's claim that appellate counsel was ineffective in failing to raise a claim that the trial court should have instructed the jury on excusable homicide is meritless.

Finally, Petitioner claims in the sixth sub-proposition that his appellate counsel was ineffective for not raising a claim under Okla. Stat. tit. 22, § 837, which states that "[w]hen it appears that a defendant has committed a public offense and there is a reasonable ground of doubt in which two or more degrees he is guilty, he can be convicted of the lowest of such degree only. Because Petitioner was convicted of a lesser-included offense, § 837 was

satisfied.

To the extent there was an even lesser-included offense instruction given to the jury for Second Degree Manslaughter, § 837 is applicable only when "there is reasonable ground of doubt in which of two or more degrees he is guilty." *Id.* As discussed above in Ground III, the evidence was sufficient to sustain Petitioner's conviction for First Degree Manslaughter. Thus, there was no doubt to trigger § 837, and Petitioner's claim that his appellate counsel was ineffective in failing to raise a claim under § 837 is meritless.

Because Petitioner's appellate counsel could not have been ineffective for failing to raise meritless claims, the OCCA's decision was not contrary to, or involved an unreasonable application of, clearly established Supreme Court law. 28 U.S.C. § 2254(d)(1). In addition, the OCCA's determination of this issue was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2). Ground IV of this petition also fails.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DENIED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 22nd day of August 2018.

**Dated this 22nd day of August, 2018.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma